UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES B. DAWSON                                                                                           PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 3:13CV473-HSO-RHW

UNITED STATES POSTAL SERVICE and
PATRICK R. DONAHOE, Postmaster General                                               DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

James B. Dawson, proceeding *pro se*, filed a complaint against the United States Postal Service (USPS) and Patrick R. Donahoe, Postmaster General.  In his complaint and amended complaint, Dawson alleged that officials and employees of the USPS discriminated against him, and subjected him to retaliation and harassment.  Dawson does not allege any specific acts or omissions committed by Donahoe personally.  Hence it appears that Dawson sues Donahoe in his official capacity as Postmaster General.  On November 27, 2013, summons issued as to Donahoe.  On December 11, 2013, summons returned executed as to Donahoe.  On March 28, 2014, the Court issued an order to show cause based on deficiencies in Plaintiff's efforts to effect service of process on the Defendants.

> Rule 4(i)(2) provides that
>
> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer or employee.

Thus both the United States and the federal official must be served.  To serve the United States, Rule 4(i)(1) mandates that a party do two things.  First, he must deliver a copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought.

Fed. R. Civ. P. 4(i)(1)(A).  Second, he must send a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. Fed. R. Civ. P. 4(i)(1)(B).  Moreover, Rule 4(m) of the Federal Rules of Civil Procedure establishes a 120-day time limit for service of process.  It states in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Based on the Court's review of the record, Plaintiff has not perfected service of process with respect to the United States Postal Service or of Donahue, who has been sued in his official capacity.  Furthermore, the 120-day time limit has passed for perfecting service of process.  The Court set a deadline of April 15, 2014, for Dawson to show cause in writing why his complaint should not be dismissed for failure to comply with Rules 4(i) and 4(m).  The Court cautioned Dawson that his failure to respond to the show cause order in writing by April 15, 2014, will result in the dismissal of his lawsuit for failure to prosecute.  The April 15th deadline has passed without a response from Dawson.  Nor is there any further indication in the record that Dawson has perfected service of process.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's lawsuit be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless

the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

　　　　SO ORDERED, this the 23rd day of April, 2014.


　　　　　　　　　　　　　　　　　　　　/s/ *Robert H. Walker*
　　　　　　　　　　　　　　　　　　　　ROBERT H. WALKER
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE